UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL M. MITUNIEWICZ,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C05-5577FDB

ORDER DENYING 2255 PETITION

     In this Section 2255 petition, Petitioner, who pleaded guilty to one count of manufacturing 1000 marijuana plants pursuant to an Information, who explicitly waived his right to have the quantity of drugs determined by a jury, and who was sentenced pursuant to the parties agreement to 120 months, seeks relief on two bases: that he was denied effective assistance of counsel and that his base offense level was inflated based on convictions that have subsequently been ruled unconstitutional.

     Title 28 U.S.C. § 2255 provides a one-year statute of limitations for motions for collateral relief, which runs from the date on which the judgment of conviction becomes final or from the date on which a right newly recognized by the Supreme Court was made retroactively applicable to cases on collateral review.

ORDER - 1

Petitioner was sentenced on April 4, 2003 pursuant to the parties' plea agreement, and Petitioner did not appeal his conviction or sentence. Petitioner's conviction became final on April 18, 2003, ten days (excluding Saturdays, Sundays, and legal holidays) after sentencing.

Petitioner filed this 2255 motion on September 2, 2005, well beyond the one-year limitation period. Accordingly, this petition is time barred. Petitioner argues that *Rompilla v. Beard*, _____ U.S. _____, 125 S.Ct. 2456 (2005) recognized a right concerning ineffective assistance of counsel in failure to research the details of the client's prior convictions, among other things, and that, thus, Petitioner's 2255 motion is timely. Petitioner's argument fails, because a refinement of the responsibilities of counsel in a death penalty case does not create a new right or "watershed" rule of criminal procedure. As to Petitioner's assertion that the Supreme Court may someday hold that *United States v. Booker*, ____U.S.____, 125 S. Ct. 738 (2005) is retroactive, this Court has consistently held otherwise, as has the Ninth Circuit. *See United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005).

NOW, THEREFORE, IT IS ORDERED: Petitioner Mituniewicz' Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence is DENIED and this cause of action is DISMISSED.

DATED this 6th day of January, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2